IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>vs.<br><br>KERRY DEAN BENALLY,<br><br>                     Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:07CR256 DAK |

      This matter is before the court on Defendant Kerry Dean Benally's Motion for New Trial. A trial was held in the above-entitled matter before this court on October 9-10, 2007. The jury returned a verdict of guilty on the afternoon of October 10, 2007. On October 11, 2007, counsel for defendant was contacted by a juror in the instant case. This juror expressed concern regarding racially prejudicial statements made by two jurors during the deliberations. The prejudice of these jurors had not been disclosed to the court and counsel during *voir dire*. Defense counsel then talked with another juror, who confirmed that such statements had been made during deliberations.

      Rule 33 of the Federal Rules of Criminal Procedure allows for a new trial, "if the interest of justice so requires." Fed. R. Crim. Pro. 33(a). The Tenth Circuit has stated that, "[a] trial court has a great responsibility and wide discretion in dealing with a motion for a new trial based on allegations of juror misconduct." *United States v. Bradshaw*, 787 F.2d 1385 (10th Cir. 1986).

"A new trial based on juror misconduct is appropriate only where there is either a showing of actual bias or [where] circumstances 'compel an imputation of inherent bias to the juror as a matter of law.'" *United States v. Easter*, 981 F.2d 1549, 1553 (10th Cir. 1992)(quoting *Williams v. United States*, 418 F.2d 372, 377 (10th Cir. 1969)); *see also Bradshaw*, 787 F.2d at 1390 ("The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial.").

Additionally, while Rule 606 of the Federal Rules of Evidence generally prohibits a juror from testifying about the course of the jury's deliberations, a juror specifically may testify regarding "whether extraneous prejudicial information was improperly brought to the jury's attention, [or] whether any outside influence was improperly brought to bear upon any juror." F.R.E. 606(b).

A.  *Untruthful Answers or Misrepresentations During Voir Dire*

The importance of truthful answers during *voir dire* has been emphasized by the Tenth Circuit:

> The answers to questions put by the Court necessarily form the basis for the Court's excusing a juror on its own motion or challenges for cause. . . and the exercise of peremptory challenges by each side. Necessarily, it is expected and required that jurors in their answers shall be completely truthful and that they shall disclose, upon a general question, any maters which might tend to disqualify them from sitting on the case for any reason.  It therefore becomes imperative that the answers be truthful and complete.  False or misleading answers may result in the seating of a juror who might have been discharged by the Court, challenged for cause by counsel or stricken through the exercise of peremptory challenge.  The seating of such a juror could and probably would result in a miscarriage of justice.

*Photostat Corp. v. Ball*, 338 F.2d 783 (10th Cir. 1964). The test for a new trial based on the absence of an impartial jury requires that during *voir dire* a juror failed to honestly answer a material question, and secondly, that a correct response to *voir dire* questions would have formed a valid basis for a challenge for cause. *McDonough Power Equipment v. Greenwood*, 464 U.S. 548, 556 (1984); *Burton v. Johnson*, 948 F.2d 1150 (10th Cir. 1991).

In the instant case, two jurors failed to honestly answer a material question during *voir dire*. The court asked questions during *voir dire* that were specifically targeted at determining whether anyone had any prejudice toward Native Americans or held any preconceived notions about the Native American race that may impact their ability to be impartial in the case. Both jurors remained silent when these questions were asked, and did not convey to the court that they held any prejudice. Moreover, they failed to disclose to the court that they had lived on or near a reservation, and did not bring to the court's attention that they had preconceptions about Native Americans due to their contact with that culture.

Further, had they answered the *voir dire* questions honestly and revealed their past contact with reservations and their belief that all Native Americans get drunk and get wild or violent, they would have been challenged for cause. *See Tobias v. Smith*, 468 F. Supp. 1287, 1291 (D.C.N.Y. 1979)(stating that "[t]here should be no injection of race into jury deliberations and jurors who manifest racial prejudice have no place in the jury room. Certainly, where a probability of such prejudice can be demonstrated, it would constitute sufficient grounds for ordering a new trial."). By failing to give truthful answers to the *voir dire* questions targeted at determining racial prejudice, the jurors were allowed to sit on the jury despite their bias. As a

result, Mr. Benally was denied his Sixth Amendment right to an impartial jury. Consequently, a new trial is warranted.

B. *Relying on Information Not in Evidence*

During jury deliberations, there was a conversation regarding the need to send a message back to the reservation, and one of the jurors clearly introduced information that was not in evidence. The juror considered and relied upon information contained in stories he had heard from his family members who were involved in law enforcement. These stories related directly to the type of case that was at issue in the instant case. It is unknown how many jurors relied on the information communicated by this juror.

In the Tenth Circuit, the proper inquiry as to whether a new trial is warranted where extrinsic evidence was considered by the jury is whether there was the "slightest possibility" the evidence affected the verdict. *United States v. Wood*, 958 F.2d 963 (10th Cir. 1992); *Johnston v. Makowski*, 823 F.2d 387, 389-90 (10th Cir. 1987). Where the extrinsic evidence is prejudicial and could have affected the jury's verdict, a new trial should be granted. *See Wood*, 958 F.2d 963 (prosecutor's notes, which had been explicitly denied to the jury but were found in jury room, even if not studied in detail by jury, required new trial); *Mayhue v. St. Francis Hosp. of Wichita, Inc.,* 969 F.2d 919 (10th Cir. 1992) (jury's unauthorized use of dictionary definitions during deliberations required new trial); *United States v. Thompson*, 908 F.2d 648 (10th Cir. 1990)(jury's possible exposure to newspaper article containing prejudicial information which was excluded at trial required new trial). The introduction of information that was not in evidence in the instant case likely impacted the verdict. Accordingly, a new trial is warranted.

## CONCLUSION

Based on two jurors' failure to answer material *voir dire* questions honestly and the consideration of information not in evidence, IT IS HEREBY ORDERED that Defendant's Motion for New Trial is GRANTED and that the jury verdict dated October 10, 2007 be SET ASIDE.

DATED this 20th day of November, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge